In re Petition for DISCIPLINARY ACTION AGAINST Robert D. MILLER, a Minnesota Attorney, Registration No. 20626X.

No. A13–1429.

Supreme Court of Minnesota.

Sept. 3, 2013.

ORDER

The Director of the Office of Lawyers Professional Responsibility has filed a petition for disciplinary action alleging that respondent Robert D. Miller committed professional misconduct warranting public discipline, namely, illegally possessing a controlled substance and appearing in court while under the influence of alcohol, in violation of Minn. R. Prof. Conduct 8.4(b) and (d). Respondent pleaded guilty to one count of fifth-degree possession of a controlled-substance, and the district court stayed adjudication of his guilt and placed respondent on probation.

Respondent waives his rights under Rule 14, Rules on Lawyers Professional Responsibility (RLPR), admits the allegations in the petition, and has entered into a stipulation with the Director in which they

jointly recommend that the appropriate discipline is a public reprimand and a period of probation until April 15, 2016, coextensive with respondent's criminal probation, during which time respondent will be supervised by the Director's Office and subject to other conditions.

This court has independently reviewed the file and approves the jointly recommended disposition.

Based upon all the files, records, and proceedings herein,

IT IS HEREBY ORDERED that:

1. Respondent Robert D. Miller is publicly reprimanded;

2. Respondent shall pay $900 in costs pursuant to Rule 24, RLPR;

3. Respondent shall be subject to probation until April 15, 2016, subject to the following conditions:

(a) Respondent shall cooperate fully with the Director's Office in its efforts to monitor compliance with his probation and promptly respond to the Director's correspondence by the due date. Respondent shall provide the Director with a current mailing address and shall immediately notify the Director of any change of address. Respondent shall cooperate with the Director's investigation of any allegations of unprofessional conduct that may come to the Director's attention. Upon the Director's request, respondent shall provide authorization for release of information and documentation to verify compliance with the terms of this probation;

(b) Respondent shall abide by the Minnesota Rules of Professional Conduct;

(c) Respondent shall maintain total abstinence from all alcohol and controlled substances, except that respondent may use prescription drugs in accordance with the directions of a prescribing physician or nurse practitioner who is fully advised of respondent's chemical dependency before issuing the prescription;

(d) Respondent shall complete the chemical dependency assessment required as a condition of his criminal probation and participate in and complete all therapy, aftercare, or other programs recommended or prescribed as a result of the evaluation;

(e) Respondent shall attend weekly meetings of Alcoholics Anonymous or another out-patient alcohol treatment program acceptable to the Director. Respondent shall, by the 10th day of each month, without a specific reminder or request, submit to the Director an attendance verification on a form provided or approved by the Director, which provides the name, address, and telephone number of the person personally verifying the attendance. Such attendance verification shall also, upon request, be provided to respondent's supervisor, if any;

(f) Respondent shall comply with all conditions of his criminal probation; and

(g) If requested by the Director, respondent shall, at his own expense, no more than four times per month, submit to random urinalysis for drug and alcohol screening at a facility approved by the Director and shall direct the drug screening facility to provide the results of all urinalysis testing to the Director's Office. If, after six months, all such tests have been negative, then the frequency of the random tests may be reduced. Respondent shall cooperate with the phone-in program established by the Director for the random test. Any failure to phone-in in accordance with the random test program shall be considered the same as receipt of a positive test result. Any positive test result will

be grounds for revoking this probation; and

4. If respondent violates either his criminal probation or the terms of this probation, the Director may, after notice to respondent and an opportunity to be heard, move the court to impose additional discipline.

BY THE COURT:

/s/_____

Alan C. Page
Associate Justice